**"EXHIBIT A"**
**INDEX OF MATTERS BEING FILED**

1)   ALL EXECUTED PROCESS

    i.    Affidavit of Service on Sunrise Trucking, Inc.
    ii.   Affidavit of Service on Haider Abbas Al-Kindi

2)   ALL PLEADINGS AND ANSWERS TO PLEADINGS

    i.   Civil Case Information Sheet
    ii.  Plaintiff's Original Petition with Attached Request for Disclosures, Interrogatories, Requests for Production, and Requests for Admissions to Defendants
   iii.  Defendants Haider Abbas Al-Kindi and Sunrise Trucking, Inc.'s Original Answer and Jury Demand

3)   ALL ORDERS SIGNED BY THE STATE JUDGE

    i.    No orders were entered.

4)   STATE COURT DOCKET SHEET

5)   LIST OF ALL COUNSEL OF RECORD, INCLUDING ADDRESSES, TELEPHONE NUMBERS AND PARTIES REPRESENTED

ATTORNEY FOR PLAINTIFF:
Jason J. Thompson
TBN: 00791791
The Thompson Law Firm
10999 IH-10 West, Ste. 315
San Antonio, Texas 78230
Phone: (210) 900-0400
Fax: (855) 410-4077
jason@jjthompsonlaw.com

ATTORNEY FOR DEFENDANTS:
Erik R. Wollam
Attorney-in-Charge
Texas Bar No.: 00788705
Federal ID: 17663
Lucero | Wollam, P.L.L.C.
159 Flat Rock
Wimberley, Texas 78676
Telephone: (512) 485-3500
Facsimile: (512) 485-3501
Email: ewollam@lucerowollam.com

FILED
1/11/2021 5:30 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Christopher Gutierrez

## AFFIDAVIT OF SERVICE

**State of Texas**                 **County of Bexar**                 **224th Judicial District Court**

Case Number: 2020CI24812

Plaintiff:
**CHRISTOPHER M. RODRIGUEZ**

vs.

Defendant:
**HAIDER ABBAS AL-KINDI and SUNRISE TRUCKING INC**

Received by Paul Perovich on the 7th day of January, 2021 at 5:17 pm to be served on **SUNRISE TRUCKING INC BY SERVING ITS PRESIDENT, SALAH ALJAFER, 5651 ARGYLE STREET, DEARBORN, MI 48126**.

I, Paul Perovich, being duly sworn, depose and say that on the **9th day of January, 2021** at **1:05 pm, I:**

Served an authorized agent by delivering a true copy of the **CITATION /PLAINTIFF'S ORIGINAL PETITION, WITH ATTACHED REQUEST FOR DISCLOSURES, INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSIONS TO DEFENDANTS** with the date and hour of service endorsed thereon by me, to: **SALAH ALJAFER BY SERVING ITS PRESIDENT, SALAH ALJAFER** as **PRESIDENT/REGISTERED AGENT** at the address of: **5651 ARGYLE STREET, DEARBORN, MI 48126** on behalf of **SUNRISE TRUCKING INC**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, of sound mind, have no interest in the above action, and am a Certified Process Server, in good standing, in the jurisdiction in which this service was made.

The facts stated in this affidavit are within my personal knowledge and are true and correct.

Subscribed and Sworn to before me on the __11th__ day of __January_____, __2021___ by the affiant who is personally known to me.

_____
NOTARY PUBLIC

SUSAN M. ZANLEY
Notary Public, State of Michigan
County of Wayne
My Commission Expires May, 19, 2024
Acting in the County of _WAYNE_

_____
**Paul Perovich**
Process Server

**Pronto Process**
1406 W Salinas
San Antonio, TX 78207
(210) 226-7192

Our Job Serial Number: BBW-2021000270

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1x

BBW2021000270

PRIVATE PROCESS

Case Number: 2020-CI-24812



2020CI24812  S00002

CHRISTOPHER M RODRIGUEZ
VS.
HAIDER A AL KINDI ET AL
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
224th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To:   SUNRISE TRUCKING INC
              BY SERVING ITS PRESIDENT, SALAH ALJAFER

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION WITH ATTACHED REQUEST FOR DISCLOSURES, INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSIONS , a default judgment may be taken against you." Said ORIGINAL PETITION WITH ATTACHED REQUEST FOR DISCLOSURES, INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSIONS was filed on the 30th day of December, 2020.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS  5TH DAY OF JANUARY A.D., 2021.

JASON J THOMPSON
ATTORNEY FOR PLAINTIFF
10999 W IH 10
SAN ANTONIO, TX 78230-1749



Mary Angie Garcia
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By: *Alexandra Johnson*, Deputy

---

CHRISTOPHER M RODRIGUEZ
VS
HAIDER A AL KINDI ET AL

**Officer's Return**

Case Number: 2020-CI-24812
Court: 224th Judicial District Court

I received this CITATION on _____ at _____ o'clock ____M. and:( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION WITH ATTACHED REQUEST FOR DISCLOSURES, INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSIONS  the date of delivery endorsed on it to the defendant, _____, in person on the _____ at _____ o'clock ___M. at:_____ or ( ) not executed because _____.

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____County, Texas

By:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is
_____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant

RETURN TO COURT (DK002)

FILED
1/11/2021 5:29 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Michael Yanas

Case 5:21-cv-00075   Document 1-1   Filed 01/29/21   Page 4 of 53

# AFFIDAVIT OF SERVICE

**State of Texas**                    **County of Bexar**                    **224th Judicial District Court**

Case Number: 2020CI24812

Plaintiff:
**CHRISTOPHER M. RODRIGUEZ**

vs.

Defendant:
**HAIDER ABBAS AL-KINDI and SUNRISE TRUCKING INC**

BBW2021000010

Received by Paul Perovich on the 7th day of January, 2021 at 5:17 pm to be served on **HAIDER ABBAS AL-KINDI, 6833 COLEMAN ST, DEARBORN, MI 48126**.

I, Paul Perovich, being duly sworn, depose and say that on the **9th day of January, 2021** at **1:21 pm, I:**

**INDIVIDUALLY/PERSONALLY** delivered by delivering a true copy of the **CITATION /PLAINTIFF'S ORIGINAL PETITION, WITH ATTACHED REQUEST FOR DISCLOSURES, INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSIONS TO DEFENDANTS** with the date of service endorsed thereon by me, to: **HAIDER ABBAS AL-KINDI** at the address of: **6833 COLEMAN ST, DEARBORN, MI 48126,** and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, of sound mind, have no interest in the above action, and am a Certified Process Server, in good standing, in the jurisdiction in which this service was made.

The facts stated in this affidavit are within my personal knowledge and are true and correct.

Subscribed and Sworn to before me on the _11th_
day of _January_ , _2021_ by the affiant
who is personally known to me.

NOTARY PUBLIC

SUSAN M. ZANLEY
Notary Public, State of Michigan
County of Wayne
My Commission Expires May. 19, 2024
Acting in the County of _WAYNE_

Paul Perovich
Process Server

**Pronto Process**
**1406 W Salinas**
**San Antonio, TX 78207**
**(210) 226-7192**

Our Job Serial Number: BBW-2021000010

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1x

PRIVATE PROCESS

Case Number: 2020-CI-24812



2020CI24812  S00001

**CHRISTOPHER M RODRIGUEZ**
**vs.**
**HAIDER A AL KINDI ET AL**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
224th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To:   HAIDER ABBAS AL-KINDI

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION WITH ATTACHED REQUEST FOR DISCLOSURES, INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSIONS , a default judgment may be taken against you." Said ORIGINAL PETITION WITH ATTACHED REQUEST FOR DISCLOSURES, INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSIONS was filed on the 30th day of December, 2020.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 5TH DAY OF JANUARY A.D., 2021.

JASON J THOMPSON
ATTORNEY FOR PLAINTIFF
10999 W IH 10
SAN ANTONIO, TX 78230-1749



**Mary Angie Garcia**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By: *Alexandra Johnson*, Deputy

---

CHRISTOPHER M RODRIGUEZ
VS
HAIDER A AL KINDI ET AL

**Officer's Return**

Case Number: 2020-CI-24812
Court: 224th Judicial District Court

I received this CITATION on _____ at _____o'clock ___M. and:( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION WITH ATTACHED REQUEST FOR DISCLOSURES, INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSIONS the date of delivery endorsed on it to the defendant, _____, in person on the _____ at _____ o'clock ___M. at:_____ or ( ) not executed because _____.

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____ County, Texas

By: _____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant

RETURN TO COURT (DK002)

FILED
12/30/2020 2:50 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Martha Medellin

Case 5:21-cv-00075  Document 1-1  Filed 01/29/21  Page 6 of 53

# CIVIL CASE INFORMATION SHEET

## 2020CI24812

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____  COURT *(FOR CLERK USE ONLY)*: **224th**

STYLED  Christopher M. Rodriguez vs Haider Abbas Al-Kindi and Sunrise Trucking Inc.
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** Jason J. Thompson<br>**Email:** jason@jjthompsonlaw.com<br><br>**Address:** 10999 IH-10 West, Ste. 315<br><br>**City/State/Zip:** San Antonio, TX 78230<br><br>**Telephone:** 210-900-0400<br><br>**Fax:** 855-410-4077<br><br>**Signature:** Jason J. Thompson<br>**State Bar No:** 00791791 | **Plaintiff(s)/Petitioner(s):** Christopher M. Rodriguez<br><br>**Defendant(s)/Respondent(s):** Haider Abbas Al-Kindi and Sunrise Trucking, Inc.<br><br>[Attach additional page as necessary to list all parties] | ☒ Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: _____<br><br>**Additional Parties in Child Support Case:**<br>Custodial Parent: _____<br>Non-Custodial Parent: _____<br>Presumed Father: _____ |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

### Civil

**Contract**

*Debt/Contract*
- ☐ Consumer/DTPA
- ☐ Debt/Contract
- ☐ Fraud/Misrepresentation
- ☐ Other Debt/Contract: Breach of Contract

*Foreclosure*
- ☐ Home Equity—Expedited
- ☐ Other Foreclosure
- ☐ Franchise
- ☐ Insurance
- ☐ Landlord/Tenant
- ☐ Non-Competition
- ☐ Partnership
- ☐ Other Contract:

**Injury or Damage**
- ☐ Assault/Battery
- ☐ Construction
- ☐ Defamation

*Malpractice*
- ☐ Accounting
- ☐ Legal
- ☐ Medical
- ☐ Other Professional Liability:
- ☒ Motor Vehicle Accident
- ☐ Premises

*Product Liability*
- ☐ Asbestos/Silica
- ☐ Other Product Liability List Product:
- ☐ Other Injury or Damage:

**Real Property**
- ☐ Eminent Domain/Condemnation
- ☐ Partition
- ☐ Quiet Title
- ☐ Trespass to Try Title
- ☐ Other Property:

**Related to Criminal Matters**
- ☐ Expunction
- ☐ Judgment Nisi
- ☐ Non-Disclosure
- ☐ Seizure/Forfeiture
- ☐ Writ of Habeas Corpus—Pre-indictment
- ☐ Other:

**Employment**
- ☐ Discrimination
- ☐ Retaliation
- ☐ Termination
- ☐ Workers' Compensation
- ☐ Other Employment:

**Other Civil**
- ☐ Administrative Appeal
- ☐ Antitrust/Unfair Competition
- ☐ Code Violations
- ☐ Foreign Judgment
- ☐ Intellectual Property
- ☐ Lawyer Discipline
- ☐ Perpetuate Testimony
- ☐ Securities/Stock
- ☐ Tortious Interference
- ☐ Other:

### Family Law

**Marriage Relationship**
- ☐ Annulment
- ☐ Declare Marriage Void

*Divorce*
- ☐ With Children
- ☐ No Children

**Post-judgment Actions (non-Title IV-D)**
- ☐ Enforcement
- ☐ Modification—Custody
- ☐ Modification—Other

**Title IV-D**
- ☐ Enforcement/Modification
- ☐ Paternity
- ☐ Reciprocals (UIFSA)
- ☐ Support Order

**Other Family Law**
- ☐ Enforce Foreign Judgment
- ☐ Habeas Corpus
- ☐ Name Change
- ☐ Protective Order
- ☐ Removal of Disabilities of Minority
- ☐ Other:

**Parent-Child Relationship**
- ☐ Adoption/Adoption with Termination
- ☐ Child Protection
- ☐ Child Support
- ☐ Custody or Visitation
- ☐ Gestational Parenting
- ☐ Grandparent Access
- ☐ Parentage/Paternity
- ☐ Termination of Parental Rights
- ☐ Other Parent-Child:

**Tax**
- ☐ Tax Appraisal
- ☐ Tax Delinquency
- ☐ Other Tax

### Probate & Mental Health

*Probate/Wills/Intestate Administration*
- ☐ Dependent Administration
- ☐ Independent Administration
- ☐ Other Estate Proceedings

- ☐ Guardianship—Adult
- ☐ Guardianship—Minor
- ☐ Mental Health
- ☐ Other:

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:
- ☐ Appeal from Municipal or Justice Court
- ☐ Arbitration-related
- ☐ Attachment
- ☐ Bill of Review
- ☐ Certiorari
- ☐ Class Action
- ☐ Declaratory Judgment
- ☐ Garnishment
- ☐ Interpleader
- ☐ License
- ☐ Mandamus
- ☐ Post-judgment
- ☐ Prejudgment Remedy
- ☐ Protective Order
- ☐ Receiver
- ☐ Sequestration
- ☐ Temporary Restraining Order/Injunction
- ☐ Turnover

## 4. Indicate damages sought *(do not select if it is a family law case)*:
- ☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- ☐ Less than $100,000 and non-monetary relief
- ☐ Over $100,000 but not more than $200,000
- ☐ Over $200,000 but not more than $1,000,000
- ☒ Over $1,000,000

Rev 2/13

PRIVATE PROCESS

Case Number: 2020-CI-24812



2020CI24812 S00002

CHRISTOPHER M RODRIGUEZ
VS.
HAIDER A AL KINDI ET AL
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
224th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To:   SUNRISE TRUCKING INC
        BY SERVING ITS PRESIDENT, SALAH ALJAFER

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION WITH ATTACHED REQUEST FOR DISCLOSURES, INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSIONS , a default judgment may be taken against you." Said ORIGINAL PETITION WITH ATTACHED REQUEST FOR DISCLOSURES, INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSIONS was filed on the 30th day of December, 2020.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 5TH DAY OF JANUARY A.D., 2021.

JASON J THOMPSON
ATTORNEY FOR PLAINTIFF
10999 W IH 10
SAN ANTONIO, TX 78230-1749



**Mary Angie Garcia**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By: *Alexandra Johnson*,  Deputy

---

| CHRISTOPHER M RODRIGUEZ VS HAIDER A AL KINDI ET AL | **Officer's Return** | Case Number: 2020-CI-24812 Court: 224th Judicial District Court |
|---|---|---|

I received this CITATION on _____ at _____o'clock ___M. and.( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION WITH ATTACHED REQUEST FOR DISCLOSURES, INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSIONS  the date of delivery endorsed on it to the defendant, _____ , in person on the _____ at _____ o'clock ___M. at:_____ or ( ) not executed because _____.

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____County, Texas

By:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____ , my date of birth is _____ , and my address is _____ , _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____ , 20_____.

_____
Declarant

RETURN TO COURT (DK002)

FILED
12/30/2020 2:50 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Martha Medellin

**2020CI24812**

W JD

CAUSE NO. _____

| | | |
|---|---|---|
| CHRISTOPHER M. RODRIGUEZ | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | 224th  JUDICIAL DISTRICT |
| | § | |
| HAIDER ABBAS AL-KINDI and | § | |
| SUNRISE TRUCKING INC | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION, WITH ATTACHED REQUEST FOR DISCLOSURES, INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSIONS TO DEFENDANTS

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW CHRISTOPHER M. RODRIGUEZ and files this his Original Petition, Request for Disclosures, Interrogatories, Requests for Production, and Request for Admissions complaining of HAIDER ABBAS AL-KINDI and SUNRISE TRUCKING INC., hereinafter called Defendant Al-Kindi and Defendant Sunrise Trucking for cause of action would respectfully show unto the Court as follows:

### I.      DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

### II.      PARTIES

2. Plaintiff, CHRISTOPHER M. RODRIGUEZ is an individual residing in San Antonio, Bexar County, Texas.  In accordance with CPRC §30.014, the last three numbers of Plaintiff's driver's license number are 925; and the last three numbers of his Social Security number are 559.

3. At the time of the incident complained of, Defendant, HAIDER ABBAS AL-KINDI was a nonresident of Texas and resided at 6833 Coleman St., Dearborn, MI 48126.  It is hereby requested that Defendant, HAIDER ABBAS AL-KIND be served with **PRIVATE PROCESS** at the following address:

HAIDER ABBAS AL-KIND
6833 Coleman St.
Dearborn, MI 48126

4. Defendant **SUNRISE TRUCKING, INC.**, is a Michigan corporation doing business in the State of Texas and may be served with a citation and process through its register agent and/or President of the company, Salah Aljafer, at the following address: 5651 Argyle Street, Dearborn, MI 48126. Service of said Defendant as described above can be affected by all means permitted under Texas Business Organizations Code §5,201 et. seq. It is hereby requested that Defendant, **SUNRISE TRUCKING, INC.** be served with **PRIVATE PROCESS** at the following address:

**PRESIDENT, SALAH ALJAFER**
**SUNRISE TRUCKING, INC.**
**15651 Argyle Street**
**Dearborn, Michigan 48126**

### III.     JURISDICTION AND VENUE

5. Venue is proper in Bexar County, Texas, pursuant to Texas Civil Practices & Remedies Code § 15.002(1) under the General Venue rule Bexar County is where all or a substantial part of the event giving rise to this cause occurred. Additionally, convenience of the parties and witnesses and in the interest of

justice, Bexar County, Texas is the proper venue. Texas Civil Practices & Remedies Code §15.002(b).

## IV.   FACTS

6.  This collision occurred at approximately 11:06 p.m. on August 28, 2020.  Plaintiff was traveling southbound on the 16447 block of West IH-35 Highway near the exit ramp of Shepheard Road in Bexar County, Texas. Defendant Al-Kindi was the driver of a semi-truck also traveling southbound on the 16447 block of West IH-45 Highway also near the exit ramp of Shepheard Road. At the time of the collision in question, Defendant Al- Kindi was working within the course and scope of his employment for Defendant Sunrise Trucking, Inc.

7.  Immediately, prior to the collision, Plaintiff was traveling southbound on the right lane and Defendant Al-Kindi was operating his semi-truck in the left lane. Defendant Al-Kindi changed lanes and was traveling in front of Plaintiff's vehicle on the right lane. Plaintiff was in the process of exiting onto the Shepard Road off-ramp, when for reasons unknown to the Plaintiff, Defendant Al-Kindi who was obviously distracted and not keeping a safe lookout for other vehicles or traffic conditions, made an unsafe maneuver and drastically slowed his semi-truck down in an attempted to exit the Shepard Road off-ramp. Plaintiff was already in control of the exit ramp when Defendant Al-Kindi slowed his vehicle down and maneuvered the semi-truck unto the right shoulder of the exit ramp and then tried to exit the Shepard Road off ramp. As a result of Defendant Al-

Kindi unsafe maneuver to exit the Shepard Road off-ramp, Defendant Al-Kindi violently rammed and crashed his semi-truck into the right passenger side of Plaintiff's vehicle. As a direct and proximate result of Defendant Al-Kindi's negligence, Plaintiff was seriously battered about inside the car. The force of the impact caused Plaintiff to be jolted forward and back causing him to strike his body inside of his vehicle where he sustained severe and life-altering injuries.

8. Defendant Al-Kindi's was negligent, grossly negligent and/or reckless in the operation of his vehicle. The collision was proximately caused by the negligence and/or recklessness of the Defendant, and said negligence of the Defendant was a/the proximate cause of the Plaintiff's injuries and damages as described below.

## V.    PLAINTIFF'S CLAIM OF NEGLIGENCE - DEFENDANT HAIDER ABBAS AL-KINDI

9. At the time and on the occasion in question, Defendant Al-Kindi committed acts and omissions which collectively and separately constituted negligence. Defendant Al-Kindi has a duty to exercise ordinary care, meaning that degree of care that would be used by any individual of ordinary prudence under the same or similar circumstances. Defendant Al-Kindi breached that duty in one or more of the following, non-exclusive ways:

10. Defendant Al-Kindi had a duty to exercise the degree of care that a reasonably prudent person would use to avoid harm to others under circumstances similar to those described herein.

11. Plaintiff's injuries were proximately caused by Defendant Al-Kindi's breach of his duties.

12. Defendant Al-Kindi duties are established by law:

13. *To wit,* Defendant Al-Kindi has a duty under Texas Transportation Code §545.062 if following another vehicle, maintain as assured clear distance between the two vehicles so that the operator can safely stop without colliding with preceding vehicle.  Defendant Al-Kindi breached this duty and is therefore liable *per se.*

14. *To wit,* Defendant Al-Kindi had a duty under Texas Transportation Code §545.351 (c) (1) has a duty to control the speed of the vehicle as necessary to avoid colliding with another person or vehicle when  a special hazard exists with regard to traffic.   Defendant Al-Kindi breached this duty and is therefore liable *per se.*

15. Defendant Al-Kindi had a duty to: to keep a safe look-out, to avoid distractions, and to operate his vehicle in a safe and prudent manner.   He breached these duties and, as a proximate result, caused serious bodily injuries to the Plaintiff.

16. Each of the foregoing negligent acts of Defendant Al-Kindi were each and all independently and/or concurrently the proximate cause of the collision and the injuries and damages which the Plaintiff has suffered.

17. Defendant Al-Kindi's acts and omissions, as previously described, were committed with complete and reckless disregard for, and with willful, wanton, and actual conscious indifference to, the rights, safety, and welfare of Plaintiff and the general public. The nature of Defendant Al-Kindi's acts and omissions were of such a nature as to constitute gross negligence and malice. Specifically, Defendant Al-Kindi undertook a continuous course of action in the form of conscious decisions, with subjective knowledge and awareness of the risks and hazards presented by each decision as discussed above and incorporated herein, to expose Plaintiff and others on the roadway to life threatening hazards. When viewed objectively from the standpoint of Defendant Al-Kindi at the time of their occurrence, said acts and omissions involved an extreme degree of physical risk and danger, considering the probability and the magnitude of the potential harm to others. Defendant Al-Kindi committed various acts and omissions constituting gross negligence, as outlined above. Such gross negligence was a proximate cause of the occurrence and Plaintiff's injuries and damages.

## VI.  PLAINTIFF'S CLAIM OF RESPONDENT SUPERIOR AGAINST SUNRISE TRUCKING, INC

18. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Al-Kindi was within the course and scope of employment for Defendant Sunrise Trucking, Inc.

19. At the time of the occurrence of the act in question and immediately prior

thereto, Defendant Al-Kindi was engaged in the furtherance of Defendant Sunrise Trucking, Inc.

20. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Al-Kindi was engaged in accomplishing a task for which Defendant Al-Kindi was employed.

21. Plaintiff invokes the doctrine of *Respondent Superior* as against Defendant Al-Kindi and Defendant Sunrise Trucking, Inc.

## VII.   PLAINTIFF'S CLAIM OF NEGLIGENT ENTRUSTMENT AGAINST DEFENDANT SUNRISE TRUCKING, INC.

22. On August 28, 2020, Defendant Sunrise Trucking, Inc., was the owner of the vehicle operated by Defendant Al-Kindi.

23. Defendant Sunrise Trucking, Inc., entrusted the vehicle to Defendant Al-Kindi a reckless and incompetent driver.

24. Defendant Sunrise Trucking, Inc., knew, or through the exercise of reasonable care should have known, that Defendant Al-Kindi was a reckless and incompetent driver.

25. As described herein, Defendant Al-Kindi was negligent on the occasion in question.

26. Defendant Al-Kindi's negligence was the proximate cause of Plaintiff's damages

## VIII.   PLAINTIFF'S DAMAGES

27. As a direct and proximate result of the Defendant's negligence Plaintiff was caused

to suffer serious bodily injuries.

28. Because of the nature and severity of the injuries sustained by Plaintiff, he is entitled to monetary compensation for damages in an amount within the jurisdictional limits of this Court, as set out further below, and which the jury deems just and fair, including, but not limited to, the following elements of damages that have been sustained in the past and that, in reasonable probability, will be sustained in the future:

    a.  Reasonable medical care and expenses paid or incurred.  These damages were incurred by the Plaintiff for the necessary care and treatment resulting from the collision complained of herein and such charges are reasonable and were usual and customary charges for such services;

    b.  Reasonable and necessary medical care and expenses that, in reasonable probability, will be incurred in the future;

    c.  Physical pain and mental anguish sustained in the past;

    d.  Physical pain and mental anguish that, in reasonable probability, will be sustained in the future;

    e.  Physical impairment other than the ability to earn money sustained in the past;

    f.  Physical impairment other than the ability to earn money that, in reasonable probability, will be sustained in the future;

    g.  Disfigurement sustained in the past;

    h.  Disfigurement that, in reasonable probability, will be sustained in the future;

    i.  Loss of household services sustained in the past;

    j.  Loss of household services that, in reasonable probability, will be sustained in the future;

k.  Loss of the capacity to earn sustained in the past;

l.  Loss of the capacity to earn that, in reasonable probability, will be sustained in the future;

m.  Loss of the enjoyment of life sustained in the past;

n.  Loss of the enjoyment of life that, in reasonable probability, will be sustained in the future;

29. For each and all of the above elements of damage, property damages to his vehicle and all other damages suffered by said Plaintiff as a result of the acts of the Defendants, this suit is brought seeking monetary damages.  Plaintiff has suffered damages in an amount within the jurisdictional limits of this court.  While Plaintiff believes that the valuation of the damages is uniquely within the purview of the jury, Plaintiff is required by Rule 47 of the Texas Rules of Civil Procedure to give an amount which is being sued for.  Plaintiff's state that the relief sued for is monetary relief over $1,000,000.00 and all the other relief, at law or in equity, to which the Plaintiff is entitled.

## IX.  EXEMPLARY DAMAGES

30. Plaintiff would show by clear and convincing evidence that the Defendants are liable for exemplary damages because the negligent conduct described hereinabove constitutes gross negligence.

31. The negligence described above is gross negligence because is conduct: (A) which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability

and magnitude of the potential harm to other; and (B) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, and or welfare of others.

32. The exemplary damages awarded by the trier of fact should be based upon the following factors:  (1) the nature of the wrong; (2) the character of the conduct involved; (3) the degree of culpability of the wrongdoer; (4) the situation and sensibilities of the parties concerned; (5) the extent to which such conduct offends a public sense of justice and propriety; and (6) the net worth of the Defendant(s).

## X.   PRESERVATION OF EVIDENCE

33. Plaintiff hereby requests and demands that Defendants and their agents, attorneys, and insurers preserve and maintain all evidence pertaining to any claim or defense to the incident made the basis of this lawsuit, or the damages resulting therefrom, including but not limited to photographs; videotapes; audiotapes; recordings; business records, memoranda; files; facsimiles; e-mails; voicemails; text messages; sales receipts; invoices; commission records; tax records; telephone messages; telephone calling card transactions; calendar entries; diary entries; any incident report; and any electronic image, data or information related to the referenced incident. Failure to maintain such items, including but not limited any other items previously requested and demanded to be preserved before the subject lawsuit

ensued, will constitute a "spoliation" of the evidence and may subject Defendants to sanctions.

## XI.    CLAIM FOR PRE-JUDGMENT AND POST-JUDGMENT INTEREST

34. Plaintiff would further show that he is entitled to recover interest for all elements of damages recovered for which the law provides, including pre-judgment interest beginning on either (1) the 180th day after Defendants receives written notice of the claim or (2) the day suit is filed, whichever is earlier, and ending on the day preceding the date judgment is rendered, and at the pre-judgment interest rate governed by VTCA Finance Code § 304.102, *et seq.* Plaintiff is also entitled to recover post-judgment interest at the lawful rate.

## XII.    INTERROGATORIES TO DEFENDANT AL-KINDI

### GENERAL PROVISIONS AND STATUTORY AUTHORITY

1. The party or parties represented by the undersigned attorneys are sending the attached questions to you under the Provisions of Rule 197 of the Texas Rules of Civil Procedure.

### TIME FOR ANSWERING INTERROGATORIES
### AND REQUESTS FOR PRODUCTION

2. UNDER THE PROVISIONS OF RULE 197.2(A) OF THE TEXAS RULES OF CIVIL PROCEDURE, IT IS REQUESTED THAT COMPLETE AND RESPONSIVE ANSWERS TO THESE QUESTIONS BE RECEIVED WITHIN FIFTY (50) DAYS AFTER SERVICE OF THESE QUESTIONS.

### OBJECTIONS TO INTERROGATORIES

3. Within fifty (50) days after you receive these Interrogatories and Requests for Production, you may object to specific questions or a part of any question; Rule 197.2(b), Texas Rules of Civil Procedure.

(a)     However, it is not ground for objection that the information sought will be inadmissible at the trial of this case if the information sought appears reasonably calculated to lead to the discovery of admissible evidence; Rule 192, Texas Rules of Civil Procedure.

(b)     It is also not ground for objection that a question propounded pursuant to Rule 197 involves an opinion or contention that relates to fact or the application of law to fact; Rule 192, Texas Rules of Civil Procedure.

## PROCEDURE FOR ANSWERING INTERROGATORIES

4.  These questions are being served on the Defendants and the answers to these questions should, to the extent possible, be answered in the spaces provided and, if you need additional space, please use additional sheets or the back of the page on which the question appears.

5.  In answering these questions, please furnish all of the information available to you, including information in the possession of your attorneys, or their investigators, and all persons acting in your behalf, and not merely such information known of your own personal knowledge.

6.  If you cannot answer the question in full after exercising due diligence to secure the information, say so in your answer, and to the extent possible, answer stating whatever information or knowledge you have.

## DEFINITIONS

As used herein, the following words, terms, and phrases shall have the meaning indicated below:

A.      "Person" means natural persons, corporations, partnerships, sole proprietorships, unions, associations, federations, or any other kind of entity.

B.      "'Document' or "Documentation" as used herein is as bread as allowed by the Texas Rules of Civil Procedure. As such, these terms refer to all written or electronically stored data or graphic matter, drafts, originals or non-conforming copies which contain deletions, insertions,  handwritten notes or comments, however produced at reproduced, or to any other tangible permanent record and shall include, without limitation floppy discs, computer files on hard drives,. email printouts, worksheets, letters,

telegrams, cables, notations, notes, memoranda or minutes (including those of conversations, communications and meetings), contract agreements, desk calendars, appointment books, diaries telephone bills, expense account statements, cancelled checks, or other instruments of payment, account statements, work papers, ledgers, ledger sheets, books of account, journals, audits, accountants' reports, financial statements, transcripts, corporate records, lists, tabulations, comparisons, charts, graphs, summaries, computer printout and tapes, magnetic tapes, microfilms, punch cards, descriptions, and all written. printed, typed or other graphic or recorded matter of any nature whatsoever, however denominated. It is further requested that you cause any electronic or magnetic data responsive to any request for production to be produced, be printed out and produced, or to be produced on jump drivers or CD-R discs with a notation thereon which commercial application, if any, should be used to access and read such data.

C.   "You" and "Your" shall mean the party to whom these questions are directed, as well as agents, employees, attorneys, Investigators, and all other "persons" acting for said party.

D.   "Identify a Document": in any question wherein you are asked to identify a document, state with respect to each such document:

1.   The identity of the person who signed it over or in whose name it was issued,
2.   The identity of the person or persons to whom it was addressed.
3.   The identity of the person who prepared it.
4.   The title and substance of the document with sufficient particularity to enable the same to be identified,
5.   The date of the document.
6.   The date the document was executed or prepared, if different from the date it bears;
7.   If the document or a copy of it is not in your custody or control, indicate the identity of the person who has custody or control of it or who has a copy of it.

E.   "Identify a Person." In each question wherein you are asked to identify a person, state with respect to such person as follows:

1.   His or her full name;
2.   His or her last known address and telephone number.

3.      The name and address of his or her employer; and

4.      His or her job title.

If the person to be identified is not a natural person (e.g., a corporation), give its name, address and principal business activity.

F.     "Number and Gender defined." As used in these Interrogatories, whenever the context so indicates, the masculine, feminine or neutral gender, and the singular or Plural number, shall be deemed to include the others.

G.     "Collision in question" or "Subject Collision" "collision" means the collision which occurred on August 28, 2020, made the basis of this lawsuit.

H.     "You" means the Defendant answering these Interrogatories.

## FIRST SET OF INTERROGATORIES TO
## DEFENDANT HAIDER ABBAS AL-KINDI

INTERROGATORY 1: Identify each person answering these interrogatories, supplying information, or assisting in any way with the preparation of the answers to these interrogatories.

INTERROGATORY 2: If you have ever been convicted of a felony or a crime involving moral turpitude, state the nature of the charge and the date and place of arrest and conviction. *See* Tex. R. Evid. 404(a)(1)(B), 609(a).

INTERROGATORY 3: Describe how the collision occurred and state specifically what you contend caused or contributed to the cause of the collision.

INTERROGATORY 4: Describe what you were doing immediately before the collision occurred. If you were using a mobile device, identify the mobile device, and if you were speaking or texting with someone on the mobile device, identify the person with whom you were speaking or texting, the telephone number of your mobile device, and the telephone number of the other person.

INTERROGATORY 5: Identify the owner of the tractor and trailer you were driving and your relationship to the owner. If you did not own the vehicle you were driving, fully explain the permission you had from the owner to drive said vehicle.

INTERROGATORY 6: If you wear corrective lenses, contacts, glasses, hearing aids, or other devices that enable you to see or hear, were you wearing the corrective lenses,

contacts, glasses, hearing aids, or other devices at the time of the collision?

INTERROGATORY 7: Describe the weather and road conditions at the time of the collision, including the amount of traffic on the road at the time of the collision.

INTERROGATORY 8: Please describe everything you did to avoid the collision, and everything you believe the Plaintiff did or failed to do to cause or contribute to the occurrence or injuries.

INTERROGATORY 9: Identify your employer at the time of the collision made the basis of this lawsuit.

INTERROGATORY 10: Did you do anything to advise or warn other traffic that you intended to drive onto the Shepard Road off ramp? If so, state what you did to advise or warn.

INTERROGATORY 11: Did you have your turning indicator switch on prior to exiting the Shepard Road exit.

INTERROGATORY 12: State whether you consumed any alcoholic beverage or took any prescription or nonprescription drug or medication in the 24-hour period before the collision, and identify the beverage or drug by brand name, time of consumption, and amount, and if a prescription drug, identify the prescribing doctor and the prescription number.

INTERROGATORY 13: If you received a traffic citation or were charged with a crime as a result of the collision, identify the courts involved, the violations for which you were cited, the date on which the citation/charge was disposed, and the final disposition of the citation/charge.

INTERROGATORY 14: If you contend Plaintiff should have mitigated his damages but did not, state the factual basis for your contention.

INTERROGATORY 15: Did you possess a Texas Driver's license on August 28, 2020? If so, was it suspended on that date? If suspended on that date, why was it suspended?

INTERROGATORY 16: Did you possess a valid Commercial Driver's License (CDL) on August 28, 2020? If so, was it suspended? If suspended on that date, why was it suspended?

INTERROGATORY 17: Where had you been before the collision occurred, where were you headed and what was the purpose of your trip?

INTERROGATORY 18:  Identify every company or individual to whom you reported this collision (i.e., your insurance agent, insurance company, employer, owner of the vehicle, etc.) and who might have recorded your report of the collision.

INTERROGATORY 19:  Identify every person known to you to have investigated this collision, to have photographed the vehicles, the scene or any parts of the vehicles, or who spoke to any witnesses about the collision or about Plaintiff's injuries.

INTERROGATORY 20:  Identify every person you believe witnessed the collision.

INTERROGATORY 21:  If you had a cellular telephone with you at the time of the collision, please indicate whether or not you were using it and identify the cellular number, cellular service provider, and to whom you were speaking.

INTERROGATORY 22: If, in response to Request for Disclosures and Requests for Production, you have not produced the actual recordings of statement made by the Plaintiff(s) and/or the Defendant(s) in this case, state specifically:

    a)  What efforts you and/or your attorney(s) made to discovery whether or not such statements exit;
    b)  The name, title, employer, address and telephone number of every person you spoke with to determine whether or not such statements exist (this includes, but is not limited to, the Defendant9(s) insured and its employees, adjusters, agents and representatives) ; and
    c)  What each person told you and/or your attorney about the existence of such statements.

**INTERROGATORY 23:** If you contend that the collision in question was an "unavoidable collision," describe in detail what you believe to be the cause of the collision.

## XIII.   FIRST SET OF REQUESTS FOR PRODUCTION
## TO DEFENDANT HAIDER ABBAS AL-KINDI

### GENERAL INSTRUCTIONS AND STATUTORY AUTHORITY

    1.  Pursuant to Rule 196 of the Texas Rules of Civil Procedure, the party or parties  represented by the undersigned Attorney REQUESTS that you produce and  permit the undersigned Attorney to inspect and copy the documents and tangible things designated below which are in your possession, custody or  control.

## TIME AND PLACE FOR PRODUCTION

2. REQUESTED TIME: Fifty (50) days from date of receipt.

3. REQUESTED PLACE:   The Thompson Law Firm
                                   10999 IH-35 West, Suite 315
                                   San Antonio, Texas 78230

## PROCEDURE FOR PRODUCTION

4. It is further REQUESTED that you serve a written response stating, with respect to each item or category of items, that the inspection and copying will be permitted as requested; or stating your objections in writing to particular items, or category of items, stating specific reasons why such discovery should not be allowed.

5. It is further REQUESTED that you organize the designated documents and other tangible things and label them to correspond with the categories in this Request for Production.

6. In responding to this Request for Production, the phrase "possession, custody or control" includes constructive possession such that you need to have actual physical possession.  It also includes the information in the possession of your attorneys, or their investigators, and all persons acting on your behalf.  Finally, it includes third parties (including any agency, authority, or representative) over whom you have a superior right to compel production.

7. If any document or other tangible thing requested to be produced was, but is no longer in existence, please state in your written response whether it is:

     (1)    Missing or lost;
     (2)    Destroyed;
     (3)    Transferred voluntary or involuntarily to others, and if so, to whom, or;
     (4)    Otherwise disposed of, and in each instance explain the circumstances surrounding the authorization of such disposition and the date of any such disposition.

## DEFINITIONS

As used herein, the following words, terms and phrases shall have the meaning indicated below:

A.    "Person" means natural persons, corporations, partnerships, sole proprietorships, unions, associations, federations, or any other kind of entity.

B.    "Document" or "Documentation" as used herein is as broad as allowed by the Texas Rules of Civil Procedure.  As such, these terms refer to all written or electronically stored data or graphic matter, drafts, originals or non-conforming copies which contains deletions, insertions, handwritten notes or comments, however produced or reproduced, or to any other tangible, permanent record and shall include, without limitation, floppy discs, computer files on hard drives, e-mail printouts, worksheets, letters, telegrams, cables, notations, notes, memoranda or minutes (including those of conversations, communications and meetings), contracts, agreements, desk calendars, appointment books, diaries, telephone bills, expense account statements, cancelled checks, or other instruments of payment, account statements, work papers, ledgers, ledger sheets, books of account, journals, audits, accountants' reports, financial statements, transcripts, corporate records, lists, tabulations, comparisons, charts, graphs, summaries, computer printouts and tapes, magnetic tapes, microfilms, punch cards, descriptions and all written, printed, typed or other graphic or recorded matter of any nature whatsoever, however denominated.  It is further requested that you cause to be printed out and produced, or to be produced on jump drives, disks, CD-R. DV-R, external hard drives with a notation thereon which commercial application, if any, should be used to access and read such data.

C.    "Collision in question" or "Subject Collision" or "subject collision" means the collision which occurred on August 28, 2020, made the basis of this lawsuit.

## FIRST SET OF REQUESTS FOR PRODUCTION TO
## DEFENDANT HAIDER ABBAS AL-KINDI

1.    Produce all photographs, negatives, videotapes, electronic recordings and/or motion pictures displaying or relating to:

    a) the location of the subject collision,

    b) any instrumentality or item involved in the subject collision (such as vehicles),

    c) any physical injuries or conditions resulting from the subject incident, or

    d) any other matter relevant to the incident/damages in this lawsuit.

2.    Diagrams, drawings, graphs, charts, schematics, blueprints, maps and/or models displaying or relating to:

    a) the location of the subject incident,

    b) any instrumentality or item involved in the subject incident (such as vehicles),

    c) any physical injuries or conditions resulting from the subject incident,),or

    d) any other matter relevant to the incident/damages in this lawsuit.

3.    Papers, records, accounts, electronic data, compilations and/or other documents reflecting or relating to:

    a) the location or occurrence of the subject incident,

    b) any instrumentality or item involved in the subject incident (such as vehicles),

    c) any physical injuries or conditions resulting from the subject incident, or

    d) any other matter relevant to the incident/damages in this lawsuit.

4.    Reports, field notes, photos, data compilations, attachments, records and other documents relating to any investigation of the subject incident *which does not qualify as "core work product"* per Tex. R. Civ. P. 192.5.

5.    Audio recordings of any statements by or conversations with Plaintiff (or his representative or family) at any time, as defined and authorized per Tex. R. Civ. P. 192.3(h).

6.    Audio recordings of any statements by or conversations with Defendant (or their representative or family) at any time, as defined and authorized per Tex. R. Civ. P. 192.3(h) excluding any statements made by the Defendant and his attorney of record.

7.    A true and correct copy of your current driver's licenses.

8. Documents reflecting any charge, indictment, conviction, plea or probation for any felony or other crime of moral turpitude by you during the past ten (10) years.

9. Documents reflecting any charge, indictment, capias or any other document originating from any Bexar County criminal district or county court or the Bexar County District Attorney's office related to the subject incident.

10. The records of any cell phone use for every cellular or mobile phone device in the your possession at the time of the collision made the basis of this lawsuit, including but not limited to text, voice and data use, between 4 hours before and 4 hours after on August 28, 2020 at 11:06 pm.

11. All drug or alcohol testing records or reports for Defendant Al-Kindi authored after the collision made the basis of this lawsuit.

12. Maintenance Records and/or other documents regarding maintenance and/or repairs of the truck involved in the collision;

13. All driver's logs and driver's log books for Defendant Al-Kindi for the date of the collision and the three months prior to the collision (August 28, 2020).

14. All driver's inspection records and bills of lading for the truck and tractor on the date of the collision.

15. All inspection reports from 5 years prior to collision through the present for all inspections performed on the truck involved in the collision;

16. All inspection reports from 5 years prior to collision through the present for all inspections performed on the trailer involved in the collision;

17. All bills of lading and all other operational documents relating to the load being hauled at the time of the collision in question, including, but not limited to, pickup and delivery documents, freight bills, weight and sale documents showing the amount loaded and when and any and all other loading, unloading or detention records or other documents showing cargo pickup or delivery dates and times;

18.  All trip and operational documents, including, but not limited to, trip reports; trip envelopes; dispatch records; call-in records; work schedule reports; fuel purchased reports; distance traveled reports for the 48 hours prior to the collision.

19.  All documents pertaining or related to any and all repairs performed on the truck tractor and/or trailer as a result of the collision in question;

20.  Any and all documentation detailing data compilations for the following items derived and/or obtainable from/through any device installed or mounted on the truck tractor involved in the collision:
   a.  Fuel mileage and/or oil consumption;

   b.  Shift patterns and/or out-of-gear operations;

   c.  Idle percentages and/or over-speed percentages; and

   d.  Any other data derived.

21.  All documentation, including e-mails, dispatch records, com data, GPS data and/or transmissions and/or documents of any type, detailing all data derived or obtained from/through any on-board computer or other device from the truck tractor involved in the collision on the date of collision.  This request includes data from six months prior to collision to the present;

22.  All documentation detailing all data derived or obtained from/through any Global Positioning System (GPS) or other such device that tracks or records a vehicle's global position or whereabouts for the truck tractor involved in the collision on the date of the collision.  This request includes data from six months prior to collision to the present;

23.  All written statement authored by Defendant Al-Kindi that refer to or relate to the collision made the basis of this lawsuit.

## XIV.   REQUEST FOR ADMISSIONS

The party or parties represented by the undersigned attorneys are sending the attached Requests for Admissions to you under the Provisions of Rule 198 of the Texas Rules of Civil Procedure.

## TIME FOR ANSWERING REQUEST FOR ADMISSIONS

UNDER THE PROVISIONS OF RULE 198.2(a) OF THE TEXAS RULES OF CIVIL

PROCEDURE, IT IS REQUESTED THAT COMPLETE AND RESPONSIVE ANSWERS TO THESE REQUESTS FOR ADMISSIONS WITHIN FIFTY (50) DAYS AFTER SERVICE OF THESE QUESTIONS.

## PROCEDURE FOR RESPONDING TO REQUESTS FOR ADMISSIONS

Unless you state an objection or assert a privilege, the responding party must specifically admit or deny the request or explain in detail the reasons that the responding party cannot admit or deny the request. A response must fairly meet the substance of the request. The responding party may qualify an answer, or deny a request in part, only when good faith requires. Lack of information or knowledge is not a proper response unless the responding party states that a reasonable inquiry was made but that the information known or easily obtained is insufficient to enable the responding party to admit or deny. An assertion that the request presents an issue for trial is not a proper response.

### "Admit" or "Deny" the following:

REQUEST 1:     Plaintiff properly named Defendant in Plaintiff's Original Petition.

REQUEST 2:     On the date of the collision, you were operating a vehicle at approximately11:06 p.m. on IH-35 in Bexar County, Texas.

REQUEST 3:     You made an oral statement to an insurance company, conducted over the telephone and recorded by the agent for the insurance company.

REQUEST 4:     On the date of the collision, you were violating a restriction placed on your driver's license.

REQUEST 5:     You possessed a valid commercial driver's license on August 28, 2018.

REQUEST 6:     You did not possess a valid commercial driver's license on August 28, 2020.

REQUEST 7:     The condition of the road surface did not contribute to the cause of the collision.

REQUEST 8:     Lighting conditions did not contribute to the cause of the collision.

REQUEST 9:     Weather conditions did not contribute to the cause of the collision.

REQUEST 10:    A sudden emergency did not contribute to the cause of the collision.

REQUEST 11:    An act of God did not contribute to the cause of the collision.

REQUEST 12:    You do not contend the collision was unavoidable.

REQUEST 13:    No defect or malfunction in the vehicle that you were operating contributed to the cause of the collision.

REQUEST 14:    You do not have normal vision without the use of corrective lenses, contacts, glasses, or other devices.

REQUEST 15:     You were not wearing corrective lenses, contacts, glasses, or other devices at the time of the collision.

REQUEST 16:     You were under the influence of drugs or alcohol when the collision occurred.

REQUEST 17:     You had ingested or consumed drugs or alcohol within the 24 hours before the collision.

REQUEST 18:     You were not injured as a result of the collision.

REQUEST 19:     You were injured as a result of the collision.

REQUEST 20:     On the date of the collision, you crashed into Plaintiff's vehicle.

REQUEST 21:     You failed to operate your vehicle in a safe and prudent manner.

REQUEST 22:     You were using a mobile device when the collision occurred.

REQUEST 23:     On the date of the collision, you were working within the course and scope of your employment.

REQUEST 24:     Immediately prior to the collision you were on your cellular telephone.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES, AND REQUESTS FOR PRODUCTION TO DEFENDANT SUNRISE TRUCKING, INC.

**INTERROGATORIES:**     Pursuant to Rule 196.2 of the Texas Rules of Civil Procedure, you are hereby served with the attached Interrogatories to be answered by the Defendant within thirty (50) days after the date of service by serving a sworn copy of said answers upon Plaintiff pursuant to said Rule or if this request is served along with the service of citation than you are requested to disclose within fifty (50) days of service of this request.  The Interrogatories shall be answered separately and fully in writing under oath as required by TRCP Rule 197.2(d) and signed by the person making them, as required by TRCP 191.3.  You are further advised that, pursuant to Rule 193.5, the party responding to these Interrogatories is under a duty to supplement his/her answer if he/she obtained information upon the basis of which (a) he/she knows that the answer was incomplete or incorrect when made, or (b) he/she knows the answer, though complete or correct when made, is no longer complete or correct.

**REQUESTS FOR PRODUCTION:**     Pursuant to Rule 196, within 50 days after service hereof or if this request is served along with the service of citation than you are requested to disclose within fifty (50) days of service of this request, at the office of the undersigned you must produce legible copies –or—the originals for the undersigned to copy--- of all documents and tangible things, defined in Rule 192.3(b), that constitute or contain matters responsive to the hereinafter-stated requests for production, organizing and labeling each item to correspond to a category in its respective request.

As used in this request, the term "document" means, with limitation, the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand: agreements, communications, reports, correspondence, telegrams, memorandums, summaries of or records of personal conversations or interviews, diaries, graphs, reports, notebooks, notes, charts, plans, drawings, sketches, maps, summaries or records of meetings or conference, summaries or reports of investigation or negotiations, opinions or reports of consultants, photographs, motion picture film, videotapes, brochures, pamphlets, advertisements, circular, press releases, graphs, and marginal comments appearing on any document, and all other writings.

You are further advised that, pursuant to Rule 193.5, the party responding to these Requests is under a duty to supplement his/her answer if he/she obtained information upon the basis of which (a) he/she knows that the answer was incomplete or incorrect when made, or (b) he/she knows the answer, though complete or correct when made, is no longer complete or correct.

**REQUEST FOR CONVICTION INFORMATION:**    Pursuant to Rule 609(f) of the Texas Rules of Evidence, identify each criminal conviction (including date thereof, court name, and type of documentary evidence possibly offered to prove same), of PLAINTIFF and any other person who is expected to be called to testify at trial, if that conviction might be offered or introduced at trial.

## DEFINITIONS AND INSTRUCTIONS

1.      As used herein, the terms "you" and "your" shall refer to Sunrise Trucking Inc.'s attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of Sunrise Trucking, Inc.'s, whether authorized to do so or not.

2.      As used herein, the term "documents" shall mean all writings of every kind, source and authorship, both originals and all nonidentical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person.  The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter.  It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems.  For purposes of illustration and not limitation, the term shall include:  affidavits; agendas; agreements;

analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries; drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements; interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

3.    In accordance with Tex. R. Civ. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

4.    "Person":   The term "person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

5.    "Identify" or "Identification":

(a)    When used in reference to a person, "identify" or "identification" means to state his or her full name, present or last known residence address, present or last known business address and telephone number.

(b)    When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating

address, the name of its Chief Executive Officer and telephone number.

(c)     When used in reference to a document, "identify" or "identification" shall include statement of the following:

(i) the title, heading, or caption, if any, of such document;

(ii) the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary, to an understanding of the document and evaluation of any claim of protection from discovery;

(iii) the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

(iv) the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

(v) the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

(vi) the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

(vii) the physical location of the document and the name of its custodian or custodians.

6.     "Settlement": as used herein, means:

(a)     an oral or written, disclosed or undisclosed agreement, bargain, contract, settlement, partial settlement, limited settlement, arrangement, deal, understanding, loan arrangement, credit arrangement, contingent settlement, limitation on the amount of liability or judgment, or a promise by or between plaintiff and any defendants or between any defendants herein whereby plaintiff or defendants have in any way released, compromised, in whole or in part, directly or indirectly, or agreed to do so in the future, any of the matters in controversy in this lawsuit whether before, after or during trial or before or after any jury verdict is returned herein or a judgment is entered or rendered herein.

(b)     any resolution of the differences between the plaintiff and defendants by loan to the plaintiff or any other device which is repayable in whole or in part out of any judgment the plaintiff may recover against

defendants.

(c)     The term "settlement" shall also include "Mary Carter Agreements" as that term is used under Texas Law.

7.     Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time up to and including the present date.

## INTERROGATORIES

1.     Please state the full name, address, telephone number, date of birth, driver's license number, social security number, and occupation of the person answering these interrogatories. If you are answering these interrogatories as the authorized representative of Sunrise Trucking, Inc., please state your full and correct title and position within the organizational structure of Sunrise Trucking, Inc.

**ANSWER:**

2.     State the full name, telephone number, address and your immediate supervisor for your employers for the last ten (10) years.  Please indicate if you have held any ownership interest in this (these) business(es).

**ANSWER:**

3.     State the Style, Court and Cause number of any lawsuit you have been a party to and the final disposition of said suit.

**ANSWER:**

4.     Please state any and all traffic violations any of your employees have had in the ten (10) years preceding this collision. Please indicate if you have had your driving license revoked due to any of these violations and the period of time your license was revoked.

**ANSWER:**

5.     Please state whether any of your employees have had any other motor vehicle collision in the past ten (10) years.  If so, please list the date and location of such collision, the parties involved and a factual description of the collision.

**ANSWER:**

6.    State the current net worth of Sunrise Trucking, Inc.

**ANSWER:**

7.    Identify each and every document from which the information was taken in determining Sunrise Trucking, Inc.'s net worth.

**ANSWER:**

8.    Identify each and every other document or documents not previously identified, which reflect the current net worth of Sunrise Trucking, Inc.

**ANSWER:**

9.    For any consulting experts whose mental impressions and opinions have been reviewed by a testifying expert, please state or provide all the discovery authorized by Rule 192.3(e).  A complete answer will include a list of all witness fees paid within the past five years.

**ANSWER:**

10.    Have you, your agents, investigators or attorneys or anyone acting on your behalf obtained a written or recorded statement of any kind, report or memorandum, whether recorded steno graphically transcribed, oral or otherwise from any person.  If so, please identify the individual from whom the statement was taken and the date the statement was taken.

**ANSWER:**

11.    Do you, your attorneys or investigators or anyone acting on your behalf, have any maps, charts, diagrams, photographs, videos, motion pictures, and/or recordings taken of the scene of this collision, or of any of the physical or mechanical objects, or of the person involved in this collision?

**ANSWER:**

12.    Were any tests, inspections or measurements made or taken with respect to the collision scene or any object involved?  If so, please state the name, telephone number, and address of the person now having custody of any written report

concerning each test, inspection or measurement.

**ANSWER:**

13.    Please state completely and fully all representations, statements, declarations or admissions made by Plaintiff or any agent, or servant.  Include in your answer when the communication was made, the total verbatim communication and, if that is not possible, then state the detailed substance of the communication, by whom the communication was made, where such communication took place, and all persons present when such communication was made.

**ANSWER:**

14.    Please state in full detail each and every contention or denial of liability on any claim made the basis of this suit.  Include in your answer:

      a.    all facts known to you, and all propositions of law that your attorney, or anyone acting on your behalf or their behalf, which you contend support or corroborate each such denial;

      b.    the name, business and residence address, and telephone number of each person known to you who claims to have any knowledge relating to each such denial of any claim; and

      c.    the name, business and residence address, and telephone number of the present custodian of any writings in support of each such denial.

**ANSWER:**

15.    Do you have information indicating, or any reason to believe that there was any defect or failure on the part of your vehicle which in whole or in part was the cause of the collision?  If so, state the basis for such belief.

**ANSWER:**

16.    State the name and address of the owner and all occupants of the vehicle which your employee was operating at the time of the collision.

**ANSWER:**

17.     State the make and model of the vehicle your employee was driving at the time of the collision.

**ANSWER:**

18.     Give the date of the last inspection of the vehicle your employee was driving at the time of the collision and the name of the inspection station giving the inspection and the date the inspection was given.

**ANSWER:**

19.     Describe any insurance agreement under which any insurance business may be liable to satisfy part or all of the judgment which may be entered in this action, or to indemnify or reimburse for payments made to satisfy the judgment, by stating the name of the person or entity insured, the name of the insurer, and the amount of any liability insurance coverage.

**ANSWER:**

20.     If the amount of the stated coverage of any liability insurance policy you have described above is subject to change or reduction by reason of prior claims during the applicable policy period, by reason of attorney expenses in the defense of this or other claims, or for any other reason, state the present amount remaining under such coverage available to pay any judgment in this case, and describe in detail how the sum was arrived at.

**ANSWER:**

21.     Describe any umbrella or excess liability insurance coverage, over and above the basic or primary coverage, that may be responsible for paying any part of a judgment against you in this case.

**ANSWER:**

22.     State the names of all insurance companies who had primary or excess (umbrella) insurance coverage in effect on August 28, 2020.  Include the policy number(s), amount(s) or limit(s) of coverage which you contend apply to such incident(s).

        (a)     If any coverage limit is an aggregate limit, please state whether such limit has been reduced by any other claims and, if so, the amount of such reduction.

(b)     If any deductible or self-insured retention applies, please state the amount of same.

**ANSWER:**

23.    If the insurance policy you have described above is a single limit policy, state what amounts have been paid to any other claimant that would serve to reduce the amount of available coverage under such policy.

**ANSWER:**

24.    Please state whether or not any insurer has denied coverage, or indicated that it is reserving its right to deny coverage, refuses to provide a defense, or refuses to pay all or part of any judgment, and, if so, please identify every document containing or referring to any such denial, refusal, or reservation of rights.

**ANSWER:**

25.    Please state whether or not you are aware of any information indicating that any insurer named above, is, claims to be, or has been determined to be insolvent, or is in receivership or under some other form of regulatory control.  If so, please state all information known to you regarding same, and identify every document containing or referring to any such information.

**ANSWER:**

## VERIFICATION

**STATE OF TEXAS**                              §
                                                §
**COUNTY OF _____**                         §

        BEFORE ME, the undersigned authority, personally appeared _____ (name

of   person   signing),   on   behalf   of   Sunrise   Trucking,   Inc.   in   the   capacity

of _____ (position or capacity), who stated, upon oath, that the statements

made in the foregoing instrument are within his or her personal knowledge and are

true and correct.

_____

_____
Name Printed

**SUBSCRIBED AND SWORN TO BEFORE ME** on _____,
by _____, 2021.

_____
Notary Public, State of Texas

### GENERAL INSTRUCTIONS AND STATUTORY AUTHORITY

1. Pursuant to Rule 196 of the Texas Rules of Civil Procedure, the party or
   parties  represented by the undersigned Attorney REQUESTS that you
   produce and permit the undersigned Attorney to inspect and copy the
   documents and tangible things designated below which are in your
   possession, custody or  control.

### TIME AND PLACE FOR PRODUCTION

2. REQUESTED TIME:  Fifty (50) days from date of receipt.

3. REQUESTED PLACE:  The Thompson Law Firm
   10999 IH-35 West, Suite 315
   San Antonio, Texas 78230

### PROCEDURE FOR PRODUCTION

4.     It is further REQUESTED that you serve a written response stating, with
   respect to each item or category of items, that the inspection and copying

will be permitted as requested; or stating your objections in writing to particular items, or category of items, stating specific reasons why such discovery should not be allowed.

5.      It is further REQUESTED that you organize the designated documents and other tangible things and label them to correspond with the categories in this Request for Production.

6.      In responding to this Request for Production, the phrase "possession, custody or control" includes constructive possession such that you need to have actual physical possession.  It also includes the information in the possession of your attorneys, or their investigators, and all persons acting on your behalf.  Finally, it includes third parties (including any agency, authority, or representative) over whom you have a superior right to compel production.

7.      If any document or other tangible thing requested to be produced was, but is no longer in existence, please state in your written response whether it is:

(1)     Missing or lost;
(2)     Destroyed;
(3)     Transferred voluntary or involuntarily to others, and if so, to whom, or;
(4)     Otherwise disposed of, and in each instance explain the circumstances surrounding the authorization of such disposition and the date of any such disposition.

## DEFINITIONS

As used herein, the following words, terms and phrases shall have the meaning indicated below:

A.      "Person" means natural persons, corporations, partnerships, sole proprietorships, unions, associations, federations, or any other kind of entity.

B.      "Document" or "Documentation" as used herein is as broad as allowed by the Texas Rules of Civil Procedure.  As such, these terms refer to all written or electronically stored data or graphic matter, drafts, originals or non-conforming copies which contains deletions, insertions, handwritten

notes or comments, however produced or reproduced, or to any other tangible, permanent record and shall include, without limitation, floppy discs, computer files on hard drives, e-mail printouts, worksheets, letters, telegrams, cables, notations, notes, memoranda or minutes (including those of conversations, communications and meetings), contracts, agreements, desk calendars, appointment books, diaries, telephone bills, expense account statements, cancelled checks, or other instruments of payment, account statements, work papers, ledgers, ledger sheets, books of account, journals, audits, accountants' reports, financial statements, transcripts, corporate records, lists, tabulations, comparisons, charts, graphs, summaries, computer printouts and tapes, magnetic tapes, microfilms, punch cards, descriptions and all written, printed, typed or other graphic or recorded matter of any nature whatsoever, however denominated.  It is further requested that you cause to be printed out and produced, or to be produced on jump drives, disks, CD-R, DV-R, external hard drives with a notation thereon which commercial application, if any, should be used to access and read such data.

C.  "Collision in question" or "Subject Collision" or "subject collision" means the collision which occurred on August 28, 2020, made the basis of this lawsuit.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**  Any all photographs of the scene in question, persons involved, vehicles involved in the collision in question which photographs may be in the possession, custody or control of the Defendant, or his attorney or insurance carrier or anyone acting on his behalf.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**  All documents which refer, relate or pertain to the motor vehicle Defendant Al-Kindi was operating at the time of the August 28, 2020 collision, including , but not limited to, any and all certificates of title; purchase and sale of documents; vehicle registration documents; fuel receipts; mileage or odometer statements; maintenance records and invoices; transfer of title documents; purchase invoices; financing documents; inspection records; documents which pertain to liability insurance coverage; and documents filed with or issued by the Department of Transportation, the Texas Railroad Commission, the Texas Department of Public Safety and all tax assessors/ collectors.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** All documents and tangible things that comprise, reflect, or relate in any way to the ownership of the tractor and trailer which Defendant Al-Kindi was operating at the time of the August 28, 2020 collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** All repair orders, repair receipts estimates for the vehicle driven by Defendant Al-Kindi at the time of the August 28, 2020 collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:** If you have identified any expert witness in the Request for Disclosure whom you may call upon as a witness on your behalf in this case, but such experts have not recorded or reduced to a tangible form their factual observations, tests supporting data, calculations, photographs or opinions concerning the subject matter of this case, then will you voluntarily have such experts record or reduce to a tangible form their factual observations, tests supporting data, calculations, photographs or opinions, concerning this case and furnish them to Plaintiff. If not, please state why you will not.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:** Any and all non-privileged documents, not previously produced or identified, which you claim contain relevant facts regarding:
    a.) the liability issues which will be submitted to the jury;
    b.) the damage issues which will be submitted to the jury;
    c.) the identity of any fact or expert witness.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:** All documents which refer or relate to the property damage, including estimates or appraisals and photographs, or the motor vehicles involved in the August 28, 2020 collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:** All surety bonds which evidence financial responsibility for Sunrise Trucking, Inc. 's motor vehicles operated on public highways.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 9:**     All investigation notes, reports, and correspondence which refer to any aspect of the August 28, 2020 collision.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 10:**  The recordings of the mechanism installed on the tractor-trailer unit that struck the vehicle driven by Plaintiff that records and documents the time of use/non-use and/or the speed of the tractor-trailer unit, which is/are sometimes commonly referred to as a "TAC graph" or TAC readout."

RESPONSE:

**REQUEST FOR PRODUCTION NO. 11:**  Any drawings, pictures, blue prints, or other graphic representations of the scene of the collision, or of any persons or vehicles involved in this lawsuit.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 12:**     All results of alcohol tests and controlled substance tests administered to Defendant Al-Kindi including any and all chain of custody and control form documents for each such test.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 13:**  Any and all public documents relating to this incident or in your possession including but not limited to, police reports, witness reports, weather reports, driving records, criminal records, and vehicle titles.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 14:**  Any and all documents reflecting repair's estimates or appraisals of any of the vehicles involved in this collision.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 15:**  Please produce all photographs, motion pictures, maps, drawings, diagrams, measurements, surveys or other documents concerning the events and happenings made the basis of this lawsuit, the scene of the collision, or the area, persons or vehicles involved, either made before, at the time, or

after the close of the events in question, including any photographs made of the Plaintiff at any time since the collision made the basis of this lawsuit, that you, your attorney, your insurance carrier or anyone acting on your or their behalf, have or know of.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:** All medical examiner's certificates that Defendant Al-Kindi was physically qualified to drive a motor vehicle on August 28, 2020.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:** A copy of any deposition, pleading, report, article, or document used to impeach, attack the credibility, or attack the qualifications of any expert retained by the Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:** Defendant Al-Kindi's training records and files.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:** All lists of certificates showing all Defendant Al-Kindi's violations of motor vehicle laws and ordinances.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:** Road test that was administered to Defendant Al-Kindi.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:** Each written examination that was administered to Defendant Al-Kindi.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:** Any and all documents relating to the current net worth of Defendant Sunrise Trucking, Inc.

**RESPONSE**

## XV.   JURY DEMAND

35. Plaintiff demands a trial by jury and has tendered the appropriate jury fee.

## XVI.   REQUEST FOR DISCLOSURES

36.  Pursuant to Rule 194 of the Texas Rules of Civil Procedure, the Defendants are
to disclose, within fifty (50) days of service of this request, the information and
materials described in the Texas Rules of Civil Procedure, 194.2(a) – (k).

## XVII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that
Defendants, be cited to appear and answer herein and that, upon trial of this cause,
Plaintiff have judgment of, from, and against the Defendants for actual damages in an
amount within the jurisdictional limits of the Court, together with pre-judgment
interest (from the date of injury through the date of judgment) at the maximum rate
allowed by law, post-judgment interest at the maximum legal rate, costs of court, and
for such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

BY:_//s// Jason J Thompson_
Jason J. Thompson
SBN 00791791
THE THOMPSON LAW FIRM
10999 IH-10 West, Ste. 315
San Antonio, Texas  78230
Telephone:  (210) 900-0400
Facsimile:  (855) 410-4077
E-mail: Jason@JJThompsonLaw.com

**ATTORNEY FOR PLAINTIFF**

## RPA, Claims

| | |
|---|---|
| **From:** | Stephanie Barket <stephanie@transportationriskmanagement.com> |
| **Sent:** | Tuesday, January 12, 2021 2:13 PM |
| **To:** | NewClaims |
| **Cc:** | Curtis Morton; Heather Simon |
| **Subject:** | [EXTERNAL]Sunrise Trucking Inc Policy CA 20999660707 |
| **Attachments:** | sunrise claim 8.28.20.pdf |
| | |
| **Categories:** | Green Category |

This email came from an external source. Do not open attachments or click links unless you know the sender and are expecting this email.

Hello,

Please see attached documents for DOL 8/28/20.

Contact person at Sunrise Trucking for additional information is:

*Heather Simon*
*Fleet/Safety Manager*
*heather@sunrisetruckinginc.net*
*734-772-4076 (c)*


Thanks,

**Stephanie Barket**
Customer Service Representative
2005 W. Hamlin Rd., Suite 200
Rochester Hills, MI 48309
Direct: 586-239-0330
Main: 586.726.7800
Fax: 248.853.7063


 

Transportation Risk Management TRM

Macomb Benefits Insurance MBI

Website: www.ecsmi.com

Follow us:



*Please note: All certificate requests must be sent to certs@transportationriskmanagement.com, not to an individual CSR's email.

**Please note: To assist you the best with any service needs, please call the main phone 586-726-7800, not an individual's direct line.

CAUSE NO. 2020CI24812

| | | |
|---|---|---|
| CHRISTOPHER M. RODRIGUEZ | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 224TH JUDICIAL DISTRICT |
| | § | |
| HAIDER ABBAS AL-KINDI and | § | |
| SUNRISE TRUCKING, INC. | § | BEXAR COUNTY, TEXAS |

## DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF THE COURT:

Defendants, HAIDER ABBAS AL-KINDI and SUNRISE TRUCKING, INC., file this Original Answer to the *Plaintiff's Original Petition* and would respectfully show the Court the following:

### GENERAL DENIAL

1.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants deny all allegations contained in the Plaintiff's pleadings and demand proof of every fact and matter essential to the Plaintiff's case.

### AFFIRMATIVE DEFENSES

2.      Answering further, without waiving the asserted general denial, Defendants would show the following affirmative defenses:

3.      Defendants assert that Plaintiff was negligent in the operation of his vehicle. Such negligence includes but is not limited to failing to make a safe lane change and trying to cut around Defendants' vehicle. Such comparative negligence was the proximate cause, or a proximate cause of the accident and damages claimed by Plaintiff.

4.      Defendants assert that some or all of Plaintiff's injuries pre-existed or occurred after the accident made the basis of this suit.

1

5.      Additionally, Defendants assert that the actions of Plaintiff, over which Defendant Al-Kindi had no control created a sudden emergency for Defendant which resulted in the accident being unavoidable for Defendant.

### DEFENSES TO PUNITIVE DAMAGES AND
### ECONOMIC DAMAGES

6.      Answering further, without waiving the foregoing, Plaintiff seeks exemplary damages. Accordingly, Defendants asserts all provisions of Chapter 41 of the Texas Civil Practice & Remedies Code and all of its appropriate subsections which limit the amount of exemplary damages which may be awarded. Further, Defendants asserts the provisions of Chapter 41 that limits recovery of medical expenses to the amount actually paid by or on behalf of the claimant.

7.      Answering further, without waiving the foregoing, Defendants asserts the limitation on recovery set forth in Texas Civil Practice & Remedies Code section 18.091(a) and (b) which limits awards for loss of earning capacity to net loss after federal income tax.

### DENIAL OF CONDITIONS PRECEDENT

8.      Answering further, without waiving the foregoing, should Plaintiff assert that all conditions precedent to recovery have occurred, Defendants deny that all conditions precedent entitling Plaintiff to recovery have occurred.  Specifically, Defendants have asserted a general denial and Plaintiff carries the burden of proof on all causes of action and the essential elements of each cause of action.

### REQUEST FOR DISCLOSURE

9.      Pursuant to Rule 194 of the Texas Rules of Civil Procedure, you are requested to disclose, within thirty (30) days of service of this request, the information or material described in Rule 194.2(a)-(l).

2

**RULE 193.7 NOTICE**

10.     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendants give actual notice to Plaintiff that any and all documents produced by Plaintiff in response to written discovery may be used against Plaintiff at any pre-trial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

**DEMAND FOR JURY TRIAL**

11.     Defendants respectfully demand a jury trial of all issues in this cause. Defendants tender the fee for district court, as required by Texas Government Code § 51.604.

**PRAYER**

Defendants HAIDER ABBAS AL-KINDI and SUNRISE TRUCKING, INC., prays that the Plaintiff take nothing by reason of this suit and that the Plaintiff be discharged with his costs and that the Defendants be granted all further relief, both general and special, at law and in equity, to which they may be justly entitled.

3

Respectfully submitted,

**LUCERO | WOLLAM, P.L.L.C.**

ERIK R. WOLLAM
TBN: 00788705
159 Flat Rock
Wimberley, Texas 78676
Telephone: (512) 485-3500
Facsimile: (512) 485-3501
Email: ewollam@lucerowollam.com
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of January, 2021 a true and correct copy of the foregoing was sent or delivered to all parties through counsel of record pursuant to Rule 21a T.R.C.P.

ERIK R. WOLLAM

4



COUNTY CLERK & DISTRICT CLERK
COURT RECORDS SEARCH

# Case #2020CI24812

**Name** : CHRISTOPHER M RODRIGUEZ

**Date Filed** : 12/30/2020

**Case Status** : PENDING

**Litigant Type** : PLAINTIFF

**Court** : 224

**Docket Type** : MOTOR VEHICLE ACCIDENT

**Business Name** : 2020CI24812

**Style** : CHRISTOPHER M RODRIGUEZ

**Style (2)** : vs HAIDER A AL KINDI ET AL

# Case History

*Currently viewing all records*

| Sequence | Date Filed | Description |
|---|---|---|
| S00002 | 1/5/2021 | CITATION<br>SUNRISE TRUCKING INC<br>ISSUED: 1/5/2021 RECEIVED: 1/7/2021<br>EXECUTED: 1/9/2021 RETURNED: 1/11/2021 |
| S00001 | 1/5/2021 | CITATION<br>HAIDER ABBAS AL-KINDI<br>ISSUED: 1/5/2021 RECEIVED: 1/7/2021<br>EXECUTED: 1/9/2021 RETURNED: 1/11/2021 |
| P00004 | 12/30/2020 | CIVIL CASE INFORMATION SHEET |
| P00003 | 12/30/2020 | REQUEST FOR SERVICE AND PROCESS |
| P00002 | 12/30/2020 | PETITION |
| P00001 | 12/30/2020 | JURY FEE PAID |