UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CHRISTOPHER M. RODRIGUEZ § | |
| § | CIVIL ACTION NO. 5:21-cv-0075-JKP-ESC |
| V. § | (Jury Trial Demanded) |
| § | |
| HAIDER ABBAS AL-KINDI and § | |
| SUNRISE TRUCKING, INC. § | |

**DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS:

DEFENDANTS, HAIDER ABBAS AL-KINDI and SUNRISE TRUCKING, INC. timely file *Defendants' First Amended Answer to Plaintiff's Original Petition*, pursuant to Federal Rules of Civil Procedure 15(a)(1)(A), and would respectfully show the Court as follows:

**SPECIFIC DENIALS**

Defendants Haider Abbas Al-Kindi and Sunrise Trucking, Inc. reply by corresponding numbered paragraph to Plaintiff's Original Petition as follows:

1.  Defendants admit that Plaintiff requested discovery under Level 3 of the Texas Rules of Civil Procedure. Defendant denies that Level 3 will control given removal and application of the FRCP.

2.  Defendants admit that Plaintiff asserts in his petition that he resides in San Antonio, Bexar County, Texas. Defendants admit that Plaintiff asserts in his petition that the last three numbers of his driver's license number are 925 and that the last three numbers of his Social Security number are 559.

3. Defendants admit that at the time of the incident, Defendant, Haider Abbas Al-Kindi resided at 6833 Coleman St., Dearborn, Michigan 48126. Defendant further admits that it was served by process and answered timely in state court.

4. Defendants admit that Defendant Sunrise Trucking, Inc. is a Michigan Corporation with its principal office and nerve center in Michigan and that it is authorized to and does conduct business in the State of Texas. Defendant further admits that it was served by process on President Salah Aljafer and answered timely in state court.

5. Defendants admit that Bexar County is where all or a substantial part of the event giving rise to this cause of action occurred. Defendants deny that venue is proper in Bexar County due to the complete diversity of the parties and the removal of the matter to Federal court.

6. Defendants admit paragraph 6.

7. Defendants deny paragraph 7 with respect to the locations of the parties on the roadway immediately prior to the contact between the vehicles. Defendants assert that Plaintiff went around Defendants' tractor trailer and attempted to cut in front of Defendants' tractor while Defendant Al-Kindi was exiting the highway.  Defendants deny Al-Kindi was distracted, not keeping a safe lookout, made an unsafe maneuver, or drastically slowed his vehicle down. Defendants admit that Defendant Al-Kindi was attempting to exit the highway. Defendants denythat the Plaintiff was already in control of the exit ramp or that the collision was a result of Defendant Al-Kindi's operation of his vehicle. Defendants deny Plaintiff's assertion that Defendant Al-Kindi slowed his vehicle down and maneuvered it onto the right shoulder of the exit ramp. Defendants [deny that Defendant Al-Kindi violently rammed and crashed his semi-

2

truck into the right passenger side of Plaintiff's vehicle. The remainder of paragraph 7 contain statements of Plaintiff's legal contentions, which do not require admission or denial.

8. Paragraph 8 contains statements of Plaintiff's legal contentions, which do not require admission or denial. Nevertheless, Defendants deny that Defendant Al-Kindi was negligent, grossly negligent, and/or reckless in the operation of his vehicle. Defendants deny that the collision was proximately caused by the Defendant Al-Kindi. Defendants also deny that the Defendant Al-Kindi's actions were the proximate cause of Plaintiff's injuries and damages.

9. Paragraph 9 contains statements of Plaintiff's legal contentions, which do not require admission or denial. Nevertheless, Defendants deny the allegations in paragraph 9.

10. Paragraph 10 contains statements of Plaintiff's legal contentions, which do not require admission or denial. Nevertheless, Defendants admit that both drivers have a duty of care as alleged in paragraph 10.

11. Paragraph 11 contains statements of Plaintiff's legal contentions, which do not require admission or denial. Nevertheless, Defendants deny the allegations in paragraph 11; specifically, Defendants deny that Defendant Al-Kindi breached any duties owed to Plaintiff and that Plaintiff's injuries were caused by any such breach.

12. Paragraph 12 contains statements of Plaintiff's legal contentions, which do not require admission or denial. Nevertheless, Defendants admit that both drivers have a duty of care as alleged in paragraph 12.

13. Paragraph 13 contains statements of Plaintiff's legal contentions, which do not require admission or denial. Nevertheless, Defendants admit that both drivers had a duty under the Texas Transportation Code to maintain an assured clear distance when following another vehicle. Defendants deny that Defendant Al-Kindi breached any said duty.

14. Paragraph 14 contains statements of Plaintiff's legal contentions, which do not require admission or denial. Nevertheless, Defendants admit that both drivers had a duty under the Texas Transportation Code to control the speed of his vehicle. Defendants deny that Defendant Al-Kindi breached any said duty.

15. Paragraph 15 contains statements of Plaintiff's legal contentions, which do not require admission or denial. Nevertheless, Defendants admit that both drivers had a duty to operate his vehicle in a safe and prudent manner. Defendants deny that Defendant Al-Kindi breached any said duty.

16. Paragraph 16 contains statements of Plaintiff's legal contentions, which do not require admission or denial. Nevertheless, Defendants deny the allegations in paragraph 16.

17. Paragraph 17 contains statements of Plaintiff's legal contentions, which do not require admission or denial. Nevertheless, Defendants deny the allegations in paragraph 17.

18. Defendants admit paragraph 18.

19. Defendants admit paragraph 19.

20. Defendants admit paragraph 20.

21. Defendants admit that the Plaintiff has invoked the doctrine of Respondent Superior in their Original Petition in state court.

22. Defendants admit that Defendant Sunrise Trucking, Inc. was the owner of the vehicle operated by Defendant Al-Kindi.

23. Defendants admit that Sunrise Trucking entrusted the vehicle to Al-Kindi. Defendants deny that Al-Kindi was a reckless and incompetent driver.

24. Paragraph 24 contains statements of Plaintiff's legal contentions, which do not require admission or denial. Nevertheless, Defendants deny the allegations in paragraph 24.

25. Paragraph 25 contains statements of Plaintiff's legal contentions, which do not require admission or denial. Nevertheless, Defendants deny the allegations in paragraph 25.

26. Paragraph 26 contains statements of Plaintiff's legal contentions, which do not require admission or denial. Nevertheless, Defendants deny the allegations in paragraph 26.

27. Paragraph 27 contains statements of Plaintiff's legal contentions, which do not require admission or denial. Nevertheless, Defendants deny the allegations in paragraph 27.

28. Defendants deny all of Plaintiff's damages claims as alleged in Paragraph 28.

29. Defendants admit that the Plaintiff asserted damages in their Original Petition filed in state court that were within the jurisdictional limits of the state court which the suit was originally filed. Defendants deny the Plaintiff is entitled to the relief sought.

30. Defendants deny paragraph 30.

31. Paragraph 31 contains statements of Plaintiff's legal contentions, which do not require admission or denial. Nevertheless, Defendants deny all of the allegations in paragraph 31.

32. Paragraph 32 contains statements of Plaintiff's legal contentions, which do not require admission or denial. Nevertheless, Defendants admit that the trier of fact determines exemplary damages. Defendants deny that Plaintiff is entitled to any.

33. The Defendants admit that the Plaintiff has demanded the preservation and maintenance of evidence pertaining to any claim or defense to the incident made the basis of this lawsuit, or the damages resulting therefrom.

34. Defendants deny all of Plaintiff's damages claims as alleged in Paragraph 34 and deny that the Plaintiff is entitled to recover interest.

35. Defendants admit that the Plaintiff has stated in their Original Petition in state court that they have demanded a trial by jury and have tendered the appropriate jury fee.

36. Paragraph 36 contains a state-level discovery request, which does not require admission or denial.

## FIRST AFFIRMATIVE DEFENSE

37. Affirmative Defense Number 1:  Based on the assertions of the Plaintiff regarding the facts leading up to the incident and the police crash report, Defendants assert that the negligence, acts and/or omissions of Plaintiff Rodriguez were a proximate cause and/or the proximate cause of the incident giving rise to this lawsuit and Plaintiff's claimed damages. The negligence or negligent acts or omissions include his failure to safely operate his vehicle, his changing lanes when unsafe, his faulty evasive action, his improper turning, and his unsafe speed. More specific facts may be available in discovery responses, which will be filed and supplemented in compliance with the Scheduling Order on file in this matter.  Therefore, Plaintiff's claims are barred in whole or in part by his comparative fault.

## SECOND AFFIRMATIVE DEFENSE

38. Affirmative Defense Number 2:  Defendants assert that the injuries of which Plaintiff complains pre-existed and/or occurred after the incident made the basis of this suit.

## THIRD AFFIRMATIVE DEFENSE

39. Affirmative Defense Number 3:  Defendants assert the applicability of Chapter 41 of the Texas Civil Practice & Remedies Code, which limits the recovery of medical expenses to the amounts actually paid by or on behalf of the claimant.  Defendants assert that medical expenses claimed are not reasonably necessary and/or the amounts were excessive.  More

6

specific facts may be available in expert reports and disclosures, which will be filed and supplemented in compliance with the scheduling order.

## FOURTH AFFIRMATIVE DEFENSE

40.     Affirmative Defense Number 4:  Defendants assert the limitation on recovery set forth in Texas Civil Practice & Remedies Code, Section 18.091(a) and (b), limiting awards for loss of earning capacity to net loss after federal income tax.

## DEMAND FOR JURY TRIAL

45.     Defendants respectfully renew their demand for a jury trial on all claims and defenses in this cause. Defendants previously tendered the requisite fee with their initial Notice of Removal.

## PRAYER

Defendants, HAIDER ABBAS AL-KINDI and SUNRISE TRUCKING, INC.  pray that the Plaintiff takes nothing by reason of this suit, that he be discharged with his costs and that the Defendants be granted all further relief, both general and special, at law and in equity, to which they may be justly entitled.

Respectfully submitted,

**LUCERO / WOLLAM, P.L.L.C.**

*/s/ Erik R. Wollam*
ERIK R. WOLLAM
Attorney-in-Charge
TBN: 00788705
159 Flat Rock
Wimberley, Texas 78676
Telephone: (512) 485-3500
Facsimile: (512) 485-3501
Email: ewollam@lucerowollam.com

**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 19th day of February, 2021, the foregoing instrument was electronically filed the foregoing instrument with the Clerk of Court using the Court's CM/ECF system. Pursuant to Federal Rules of Civil Procedure 5(b)(2)(E) and 5(b)(3), and the Court's Electronic Filing Procedures, Section 15(c), the following counsel of record shall be served with a true and correct copy of this instrument by operation of the Court's CM/ECF system:

*Via Electronic Service:*
Jason J. Thompson
The Thompson Law Firm
10999 IH-10 West, Ste. 315
San Antonio, Texas 78230
jason@jjthompsonlaw.com

*/s/ Erik R. Wollam*
ERIK R. WOLLAM